Please call the case. Attorneys who are going to argue, please step up and introduce yourselves. Good morning, Your Honors. Michelle Katz on behalf of the people of the state of Illinois. Ms. Katz. Good morning, Your Honors. Jim Casement on behalf of the Appalachee David Fiveash. Okay. Appellant, Ms. Katz, you'll have 15 minutes to argue. Please reserve from that 15 minutes whatever time you'd like to use for rebuttal. Thank you. I'd like to reserve three minutes. Appellee, you will have a full 15 minutes. Please proceed. Thank you. May it please the Court. Good morning. In this case, the defendant was charged with two counts of aggravated criminal sexual assault, two counts of aggravated and two counts of criminal sexual assault arising from acts alleging that he placed his penis in his then six-year-old cousin's vagina and mouth when the two were living together with their grandparents in Mount Prospect, Illinois. The defendant, according to the record before this Court, signed a written admission to those charges stating that he committed those acts when he was 14 years of age. The indictment alleges that the actions took place over the course of him being both 14 and 15 years old. At the time that he committed these offenses, if arrested at that time, he would have been subject to a discretionary transfer hearing under the provisions of the Juvenile Court Act. Judge Mandeltort, the judge who presided over this matter, dismissed the charges against the defendant, and I'm here today asking that that decision be reversed by this Court. In her ruling, Judge Mandeltort indicated that while she personally felt that the results of this dismissal, of this indictment, were absurd, unjust, and unfair, she felt that she was compelled, based on prior decisions of the appellate court, not First District, but still binding on her as a trial court judge, that they compelled that result. It's the people's position that that decision was wrong as a matter of law. The issue, precisely before this Court today, is whether an individual, such as the defendant, who commits an offense while a juvenile, subject then to a discretionary transfer hearing, but who is not apprehended until attaining the age of 21 or older, is subject to an adult criminal prosecution in the state of Illinois. It's the people's position that application of well-established rules of statutory construction, with also consideration of common sense principles, dictate that the answer to this question is that certainly a prosecution, a criminal prosecution for this type of conduct, lies in this state. Well, what's the, what are they saying, that they want to prosecute him when he's 22 years of age, but under the Juvenile Court Act, or that you don't prosecute him at all? They're saying that either the, if by they, we're talking about my opponent, they're saying that the amendment should have been, the indictment should have been amended to only cover activity that occurred when he was 15 years of age, and therefore subject to an automatic transfer, or there is no prosecution at all. There is no disagreement between the parties as to one thing, which is that there cannot be a juvenile prosecution in this case. And that decision, which has been through several pieces of litigation and in re Luis R., having ultimately gone up to the Illinois Supreme Court, which declined to reach that issue because the appellate court had earlier reversed that case on the basis of lacking subject matter and personal jurisdiction, was found to be erroneous by the Supreme Court. The case was remanded, and ultimately it was decided by the Second District that the court, while having personal and subject matter jurisdiction, had no authority to treat the defendant as a juvenile under the Juvenile Court Act. We agree with that determination. That does not answer the question, though, that's squarely posed in this case, that has never been properly squarely posed to an appellate court, be it the Second District or the Fourth District, both of which have had cases dealing with this subject, of whether or not, as a matter of law in Illinois, a criminal prosecution can be brought. I really – How can you do this? So you've got the Luis case, which wrapped the knuckles of our court, that we cannot do this. So what's the way we can do it? In Luis R., the state never did what the state has done in this case, which is seek an adult criminal prosecution. They never sought an indictment. And there was some discussion in the original Luis R. appellate court decision as to whether or not the language of the Juvenile Court Act, specifically Section 5120, precluded such a criminal prosecution. And the problem is that the court, the Second District Court, in that original Luis R. decision, basically issued an advisory opinion as to what could or could not be, which was clearly not within its purview as an appellate court. And then, when the state went before the Illinois Supreme Court asking essentially for the same thing, give us some guidance as to whether or not we can bring a criminal prosecution, the Supreme Court correctly said, that's not the function of a Supreme Court to tell you what you may or may not be able to do. And it's based on the fact that there was never action in the first instance where the state never indicted Luis R. Here, we have a case that has been treated as an adult criminal prosecution, an indictment was sought, a true bill was returned, the case was presented before Judge Mandeltorn, and she made a decision that this case, that these charges could not result in an adult criminal prosecution. And if this court looks at Section 5120, because that's what the entire argument hinges on, the notion that somehow the Juvenile Court Act itself independently operates to preclude an adult criminal prosecution, the court cannot arrive at that conclusion based on straightforward rules of statutory construction and, more importantly, the one notion that meaning has to be ascribed to every word that's used in a statute. So I've attempted to set out in my brief in a more, in an easier, more straightforward way, why the interpretation that the court felt compelled to give to the statute just simply doesn't work. Ms. Katz, I have two questions. Yes, Your Honor. First of all, the state moved under Section 114-1A, correct, for lack of jurisdiction, or the defendant did, is that the basis for the trial court's dismissal? Yes, that's my understanding of it, that the cause of action didn't state an offense. Okay. And then the second one is, how does the square with the Second District's case in Rich? Okay. In Rich, there's two problems. One of them's also found in, they're both found in Baum as well. Rich involves a situation where the defendant is 20 years old at the time that he is originally charged. And he's charged in an indictment that is defective on its face because it alleges that he committed criminal offenses when he was 12 years old through the age of 14 years old. As this court is well aware, there is an infancy law, and that infancy law prohibits a criminal prosecution from being brought against an individual who's under 13 years old. The legislature has specifically made a decision that individuals who fall below the age of 13 may not be criminally prosecuted. So that's the first part of my answer, is that that indictment on its face was defective. Going beyond that, there was another problem that also occurred in that case that was not handled correctly, which is that because that defendant was 20 years old at the time that the charges were brought, he fell squarely within 5-120 in that it talks about a minor. And so a minor is specifically defined under the statute as a person who's under 21 years of age. As such, being 20 years old, being under 21 years of age, he had an entitlement to have a discretionary transfer hearing. Isn't that carried by the superseding indictment that was filed subsequently when he turned 21? The two responses to that, arguably while it may have been, while it may have cured it, clearly the court was concerned that the defendant had been deprived of a procedural right that he was entitled to under the Juvenile Court Act. And that there was, and that based on machinations that were set in place by the state in initially charging him when he was entitled to that, and then substituting a later indictment to get around that problem, that there had been a deprivation of due process, essentially. And that was troubling to the court, and rightfully so. The same thing happened in Baum. You've got a defendant, this is the Fourth District case. You've got a defendant who is 19 years old at the time that he's apprehended. He, too, is charged with having committed criminal acts when he was 12 years old. So, again, we have a facially defective indictment. And he, too, is not given the discretionary transfer hearing to which he is entitled. And let me ask you something. In this case, why didn't the state just amend the indictment, bifurcate the 14 and 15-year-old charges? Aside from the fact that the state has no obligation to do that and can charge, has the authority to decide in what manner and when to charge, the defendant's confession in this case coincides with his age of 14 at the time that these acts were committed. So, this is one of those situations where it's a family-related offense that the indictment alleges occurred over the course of a year, Your Honor. The victim was only six years old at the time. I am not the person who personally was involved in the charging decisions that were made here. But based on the circumstances surrounding this case, the state has the ability to bring an indictment that covers an expansive period of time to ensure that the defendant will be held accountable for his criminal activities. I mean, Judge Mandeltort, that would have been her preference. Again, it's our position that that's not required by law and that our refusal to make that amendment in no way alters the fundamental question that has to be answered by this Court, which is to interpret Section 5120 of the Act. Section 53-6, Unextended Limitations. Is it possible that there could have been an extension and a transfer over in this case? Are you referring to the EJJ statute, Your Honor? My understanding is that the EJJ statute would have extended out the 21-year-old period, but I don't think that you can come in after the 21 and institute proceedings under the EJJ, under other provisions in the Juvenile Court Act. I don't think that that could have saved the day or that that was available. So essentially, we have a situation here where under the statute, if you look again at the language, if you substitute the definition of minor, it's clear that the legislature was referencing an individual's age at the time of the charge. And this is, I don't, I reference federal, case law from other states, as well as the federal act. I am readily admitting the language is different. This is an Illinois, a matter of interpreting the Illinois statute, but to the extent that there seems to be some sort of festering concern as to the fairness component of this and the fact that here you've got an individual who, had he been apprehended at the time that he committed this offense, would have been treated as a juvenile, that entire body of case law stands for the proposition that that in itself is not, does not constitute a due process violation and that multiple courts have found that the time of the charge is what controls. Well, you've got Pennsylvania, Connecticut, Wisconsin. You've got the second district, the fourth district. A lot of people have weighed in on a number of federal cases. Yes. Which is the one that does the magic? I think Annal is a really good case. I think the whole line of federal cases, though, and the way that they interpreted those statutes and looked at the words is very, is a model to be emulated and really strongly supports the people's position that if you're going to treat the word minor as the legislature has told you to treat it, as meaning a person under the age of 21 subject to the act, that there can be no doubt that a criminal prosecution in a case such as this, properly brought by an indictment with an indictment that alleges acts not when the defendant was an infant, properly lies and based on, I'm sorry, based on that, we would ask that you reverse the trial court's determination in the dismissal of the indictment in this case. Thank you. Thank you. Good morning, counsel, your honors, may it please the court. For the record, my name is Jim Caseman and I represent David Fiveish in this case. The issue in this case, was it proper for the circuit court to dismiss the indictment because it covered a single period of time, a time from January 1st, 2003 until January 1st of 2004, when during most of this time, over nine months of it, the defendant in this case was 14 years old. And isn't it the date of the charging that's the operative date, the age of charging? In terms of where the charge can be brought? No, I believe it's the date of offense. Counsel, the Supreme Court has said in Lewis too, before the remand, that the juvenile act does not apply to somebody over the age of 21. That is correct. While in the Supreme Court, in the majority opinion, they didn't say that, it reversed it for a lack of jurist, it reversed that case because there wasn't a lack of personal or subject matter of jurisdiction. Okay, I'm going to rephrase it, Justice Friedman said in his, was it his dissent? His dissent said this, yes. Okay, that the act does not apply to somebody who's 21 years or older. Why would you prosecute somebody under the juvenile act who was 21 or older? That's not my position that you should prosecute someone under the juvenile act when they're 21 years or older. What happens to the individuals who are 21 or older for alleged offenses that occurred before? What happens to juveniles under our law? Not juveniles. What happens to an individual, an adult that is charged, but they were a juvenile under our law, there is no, they can't bring it under criminal, under the criminal statutes, based on 5-120. Based on 5-120, where is, I guess that's my question then, where is the preclusion, the word exclusive jurisdiction? The section 5-120 gives exclusive jurisdiction to people who are charged with offenses as a juvenile under the. Concerning any minor, right? So I'm asking you where's. Where is it? It's regarding a 21-year-old. It is, it doesn't say a 21-year-old, what it does say, it's clear and unambiguous that it states no minor who is under the, under 17 years of age at the time of the alleged offense may be prosecuted under the criminal laws of this state. Correct, so no minor. No person under the age of 21 years. No person who was a minor at the time of the alleged offense. No person who was a minor, not. Why would you add the words under the age of 17 then? Why don't you just say no minor, no person who was a minor at the time of the offense? I'm trying to ask you to explain in response to. Well, there was a, there was a. State's attorney argument on statutory construction. Why would you add the words no minor? It says no minor. It says no minor. Well, I know, but it. Because a minor was defined in the juvenile code. But, and I'm not asking you to change the definition of what they, what they've, that's for minor, but they've said it in two such, in, in two incidences in the juvenile code. They've said at the time of the alleged offense, both in section 120 and section 130 under excluded jurisdiction. Why wouldn't it be under, why wouldn't it be under 530, 5-130 as well? That's the. Minor is a defined term, right? That's correct. Okay, a minor is a person under the age of 21 years, subject to the act. So if you read the section, no, and then you substitute for the word minor. No person under the age of 21 years, subject to this act, who was 17 years of age at the time of the alleged offense. Correct. May be prosecuted, right? Right, that. So, Mr. Fivesh is not a minor. He was maybe under 17 years of age at the time of the alleged offense, but now he's no longer a minor, he's 23 years old. And, and my argument is, it goes to the time of, the time of the offense. And if you look at the states, other states that have interpreted this type of in the federal statute, which is the section 5031 of the criminal, of the federal code. It goes to the time charged. It specifically says the time charged. The states that we have, the, the, the, the state cases that have been cited by the, the state in this case, specifically it talks about the time of the offense. Or the time of charging. And there's other states out there. You can look at the statutes from Nevada and Louisiana that have statute that specifically have addressed this type of issue that we have here. Where there is a situation where the state through their juvenile act has essentially shortened the statute of limitations for certain crimes to 21 years of age. Now, it only happens in a couple cases. It's only the cases that we have extended jurist, extended statute of limitations, which is the sexual assault cases and the murder cases, where we have an issue of a 13 and 14. Although with the new statute that we have here under the juvenile act, where now it's 18 years old, we may have actual cases where a person is charged under the juvenile act, and because it hasn't extended the statute of limitations, other crimes may become an issue with this type of thing. But I, as Justice Freeman said in the dissent, I think this is a relatively simple case, a simple, where he said, may the circuit court entertain a petition in juvenile delinquency when the subject of the petition is 21 years of age, he said the answer is simple, the court may not. And when it was remanded to the circuit court and it was dismissed again and went up to the appellate court in June of last year, they said the same thing. But this isn't, they didn't file it as a delinquency petition in this case. Right, well, on the flip side, can the state entertain a criminal complaint against a 14 year old in criminal court, I believe the answer is simple. They cannot. He's not 14. When you say can the state entertain, can the court entertain a criminal complaint against a 14 year old. He's 23, right? Can the state entertain a criminal complaint against a 14 year old, against a 14, when the alleged crime was when he was 14 years old, I say no. I say it's simple. And it's based on the statute 120 and 130. I believe it's clear and unambiguous. Are there any prohibitions under the criminal code? The prohibition under the criminal code is that under 5120, they have exclusive. That's under the juvenile act. No, not under the criminal code. Okay. So if a minor goes on a killing rampage and kills three or four people, but for whatever reason he's not located, not discovered, until he's 25 years old, you're saying the state is precluded from bringing charges. Does that sound logical to you, counsel? Yes. And there's a specific- Does section 120, at a minimum, impliably suggest that the time of the prosecution is operative? Does section 120- Not the time of the occurrence, not the age at prosecution. If you did- Not the age of the occurrence. Does section 120 imply that it's the time of charging? Isn't that impliedly in the entire juvenile code? That once you have reached adulthood, you're in a different ballpark. You're no longer in the juvenile court. You're no longer protected under the juvenile act. If you disregard that no minor who was under 17 years age at the time of the alleged offense, then you could take that interpretation. But you'd have to disregard that sentence, which it says, it can only be prosecuted under the criminal laws of the state of Illinois unless it meets the exceptions that are listed. And so, if you want to disregard- It doesn't surprise me that the legislature, in its infinite wisdom, wasn't as precise as it should have been. It doesn't surprise you that- That's right. Well, this has happened in other jurisdictions. Your specific example about somebody where a murder has happened many years later. And there are ways to address those situations. In the Supreme Court of Montana, they had that exact same thing, 28 years old. Under that situation, they had a little different juvenile code. But they passed a couple of laws in between, where they specifically gave the criminal courts the ability to prosecute someone in this situation. They did, however, limit the sentence for those 13 and 14-year-olds or 15-year-olds at that time. And they said that they could receive no more of a sentence than they would have resentenced if they were sentenced as a juvenile in that case. And that was actually the state versus Bresnahan in the Supreme Court of Montana in 2012 case. So those situations, the state is on notice. They've been on notice since N. Ray Lewis S. Or our, this is an issue. The state's been on notice. The proper place is to change the statute, not reinterpret it or change it at this court. And that's, this case, when you look at it, and you would have to disregard the Rich case, the Baum case, and N. Ray Lewis case in order to reach the conclusion that the state can bring criminal charges against a 14-year-old. Now, there is no disagreement that the state could amend this charge. We've said it, I said it to the state prosecutor at the trial level. It's been admitted in the briefs. The judge said, the trial judge in this case says, I see a simple solution to this. Why don't you just amend it and charge him as a 15-year-old? And your Honor asks, why didn't they do that? Well, I think the reason they didn't do it is because they have no evidence that anything occurred when he was 15 years old. They don't. And when they use this time frame, which is the disadvantage to the defendant, that they, that includes both a 14 and 15 year olds. You know, that's how they got it into the criminal courts to begin with, by charging him as a 15 year old. In Rich, it's the same case. You know, Rich case said, the act does not authorize a discretionary transfer. However, strict construction of the act reflected that Rich was only 14 years old or younger when he allegedly committed the offenses. Proceedings were only proper under the act. And this is the indictment when he was 21 years old. Rich court said, proceedings are only proper under the act. In Baum, it said, defendant was no older than 16 when he allegedly committed the sexual assaults. And none of the exceptions allowing the state to prosecute him under the criminal laws apply. Accordingly, the state was unauthorized to charge the defendant as it did. And the trial court did not air in granting defendant's motion to dismiss the charges since the state was unwilling to accept the transfer of the charges to juvenile court. All right, so what do you say in section about Rich? Rich has been distinguished and criticized by the courts. Section 5-130 says, the definition of a delinquent minor under section 5-120 of this article should not apply to any minor who is charged with the subject offense. So it didn't have to, that is discounted by what the language of this, the strict language of the statute would say. And I think that's a good case, because it doesn't say, it doesn't include the words and who is charged. And it doesn't, you wouldn't have any limitation here otherwise. He's not a minor under the act. And so- Your Honor, what case were you referring to?  I was talking about Rich and about the language of the statute. I disagree with you, frankly, on the time. It's the time of the charge, I believe, not at the age of the perpetrator. Okay, but that would be against the Rich case and the Baum case, and the In re Lewis case, that have held otherwise. Why is that? Lewis is, I'm sorry, I don't mean to interrupt. Lewis is about a juvenile proceeding. Yes. Okay, so that's not really factually analogous. Rich, he was 20 when he was charged for crimes between 12 and 14. So he's not even subject to the automatic transfer as a 15 year old. Baum, he's 19 when he's charged. So you don't have a pattern here. Nothing quite fits squarely. I don't have an adult charged in a criminal court for acts committed as a minor under the age of 17. Well, you do, and Rich is 21 years old. Rich, he was 20 when he was first charged. And the re-indictment was 21, and the court ruled on that re-indictment, which was he was 21, and they specifically addressed that. So he was 21. I understand that the court went on and talked about the fact that he was 20 and they could have brought him in juvenile court and got extended jurisdiction. But Rich also talks about the fact that these are charges for alleged offenses between the age of 12 and 14. He's not even subject to 130 at that time, right? Because section 135-130 goes for a 15 year old. And that's exactly what we have in this case. This is for indictment brought on 14 and 15 year olds. But this is a defective indictment because they're using it for 14 year olds. We have never argued that they can't bring it as a 15 year old. We've argued as a 14 year old, and the state could have re-indicted him as a 15 year old, and we wouldn't be here right now. But they've used the 14 year olds, and that's no different than the Rich case. He was 21 years age, and the Rich case cited. I mean, the In Re Lewis case in June of 2000 cited paragraph 30 of the Rich case. However, strict construction of the act, the Juvenile Act, reflected that Rich was only 14 years old or younger when he allegedly committed the offenses. Proceedings were only proper and under the act. What would be, what's the, is there a gap then? What happens if, where is the 23 or the 22 year old covered? The 20, the 22, or the 23 is not covered. There's a statute of, there's an implied statute of limitations with this. And it only, and as I said, this only happens in relatively few cases, and it has not been addressed by the legislator. And that's the proper place to change this. Not here, because- You've also got a countervailing policy of an extended statute of limitations for sexual assault on a minor victim, right? Right, but we're talking about, are we going to construe this statute for absurd results? Because the state has argued that it's absurd that this individual can't be charged as a 14, and it's our position that it's even a more absurd if he's charged as an adult and is faced with a class two or class X felonies. And where he would never be subject to that unless he was brought in the juvenile court and was given a hearing to extend it to criminal courts. So the absurd result is, as a 14 year old, the jurisdiction under the juvenile court would have expired at 21, seven years, seven years. Now he's facing a minimum of 12 years to 60 years in the penitentiary. That's an absurd result. So you're arguing that the due process implications are because of the corrective sort of measures that would be taken? It's the same offense, but it's the difference in the corrective measures that are taken in juvenile court versus the criminal court. Right, because under the Juvenile Act, he's afforded a hearing opportunity. He has not been given that hearing opportunity. So if you're going to say that he's, at a minimum, he needs that due process hearing, which he's not going to get. And one of the things that you asked counsel was the, I forgot what- As an adult, how should he have been charged? Brought into juvenile court? As an adult, how should he be charged? Yes. You bring him into juvenile court, and there you have a hearing whether or not he should be waived out and brought into the criminal court. Right, and the problem we have with that is the- Certainly, it's a strange result. Pardon? Seems like a strange procedure to be applying to an adult. I'm bringing him down to juvenile court. Well, it may be a strange- Which is based on the premise that juvenile court has always been, and I hope continues to be corrective, corrective for him. And if you look at the Skako case that the state cited, that was a 40-year-old individual that was brought into juvenile court. And he was entitled to his hearing in order to get it into criminal courts. Separate statute, there was no issue regarding the transfer to criminal court. They argued in that case procedurally whether or not he received everything he should have gotten in juvenile court before he was moved in. But that's, there's the 40-year-old, that's the example. That, you're talking about a 13 or 14-year-old. Their mentality is not the level of a 23-year-old. And that's why we have the juvenile code. So because they're not charged until much later on, they shouldn't be penalized, or the legislator has to address it and do something about it. Because the issue is, and this issue will come up, especially with the extended statute of limitations for these type of crimes. That's 20 years past 18 years old. I understand. So we can take the- I understand your point, sir. Do you have any further questions? Other questions? I suggest you conclude. Thank you. We would ask that you affirm the trial court. Thank you. Five minutes. It'll take me less. What the defendant has told you is that the Juvenile Court Act 5120 trumps the extended terms limitations that the legislature has decided are in place for sex crimes, and that it essentially immunizes individuals from prosecution at all. That is the problem, the underlying problem with what the court did. Not only does that just fly squarely in the face of common sense, that common sense is reflected in the Illinois legislature's determination under 720-515-A that any person who commits a crime in the state of Illinois is subject to prosecution short of there being an express indication to the contrary, as there is in the infancy laws. There is no way to reconcile that statement of legislative intent that all people are to be held accountable for crimes with the interpretation that the defendant is trying to draw from Section 5120 of the Juvenile Court Act, which, let's remember, is a statutory creature that was designed, Illinois was at the forefront of this movement, to treat juveniles, those under 21, those under either 17 or 15, depending on where they fall, based on the crime that they've committed, to give them different treatment, afford them special protections and benefits that are not available to adults. David Fivish was a 23-year-old man at the time that he was charged. He was not a minor. He was not subject to any of the protections of the Juvenile Court Act. And under the Illinois law, as it stands in the state and always had, he is subject to an adult criminal prosecution, just like any other person charged with a crime in this state. We are not asking you to necessarily find that you disagree with any of the decisions of either the second or the fourth district. You can reconcile easily the facts of this case and contrast them with the facts of those cases where indictments were defective, where the state deprived the defendants of discretionary transfer hearing, which they were entitled to, which David Fivish never could have received under the facts of this case. And we ask that you reverse the child court's dismissal of the indictment in this case. Could you think of any legislation that would help clarify this issue? There's always legislation that can help clarify. It's the people's position. The legislation is clear on its face. And again, if you take that definition of the word minor and you insert it into that statute, there's no way to come out of the position that he's taken, that the trial court felt was the law as articulated by the second and fourth districts. Thank you. Thank you to both counsels for your excellent briefs and your excellent oral presentations. Thank you very much. The court will take this matter under advisement. We stand adjourned.